IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD CHANDLER,<br><br>        Plaintiff,<br><br>vs.<br><br>WHITING OIL AND GAS<br>CORPORATION, PIONEER<br>DRILLING SERVICES, and DOES<br>A-Z,<br><br>        Defendants. | CV 16-161-BLG-SPW-TJC<br><br><br>**FINDINGS AND<br>RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE** |

Before the Court is Plaintiff Chad Chandler's ("Chandler") Motion for

Remand (Doc. 8) (the "Motion"), which requests that the Court remand the case to

Montana state court.  For the following reasons, the Court recommends that

Chandler's Motion be granted.

I.      **Pertinent Facts**

Chandler filed his Complaint and Jury Demand (the "Complaint") in the

Montana Seventh Judicial District Court, Richland County, on May 31, 2016.

(Doc. 1-1; *see also* Doc. 6.)  Chandler served Defendant Whiting Oil and Gas

Corporation ("Whiting") on October 28, 2016, and Whiting removed the case to

this Court on November 14, 2016.  (Docs. 1, 1-3.)  Whiting's Notice of Removal to

U.S. District Court (the "Notice") recites that co-Defendant Pioneer Drilling

1

Services ("Pioneer") is a Texas Corporation, but is silent as to whether Pioneer consents to removal (*see generally* Doc. 1).

An affidavit executed by Brian Mook indicates that Mr. Mook served the Complaint on Pioneer's registered agent, Capital Corporate Services, Inc. ("Capitol"), on October 28, 2016, the same day Chandler served Whiting.  (Doc. 9-2.)  The business listing on the Montana Secretary of State's webpage for "Pioneer Drilling Services, Ltd." identifies Capitol as its registered agent in Montana.  (Doc. 9-1.)[1]

Following service of the Complaint upon Capitol, but prior to Whiting's removal of the case,[2] Capitol sent a letter entitled "Rejection of Service of Process" to Chandler's counsel (Doc. 9-3), which states in pertinent part:

> The service of process received for the party served, as listed above, cannot be forwarded to the intended party for the reason listed below:
>
> Because two or more companies can have very similar names, the name of the company to which service of process is directed MUST BE IDENTICAL to the company name on file with the Secretary of State or other appropriate state agency.

(*Id*. (emphasis in original).)  Pioneer has not appeared as of the date of this order.

---

[1] Whiting does not appear to dispute that Capitol is, in fact, Pioneer's registered agent.  (*See* Doc. 10 at 3-4.)

[2] The letter from Capitol is dated October 31, 2016 (Doc. 9-3); Chandler argues in his Brief in Support of Motion for Remand that his counsel received the letter on November 7, 2016.  (Doc. 9 at 4.)  As both dates precede removal, the discrepancy is immaterial.

## II.    Legal Standard

Removal of a civil action from state court to federal court is appropriate if the action originally could have been filed in federal court.  28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must "strictly construe the removal statute against removal jurisdiction" and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citations omitted).  There is a "strong presumption" against removal, and the defendant has the burden to establish that removal is proper.  *Id*. at 566-67.

Federal courts have long recognized that removal under 28 U.S.C. § 1446 "requires all proper defendants to join or consent to the removal notice."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (*superseded by statute on other grounds as recognized by Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).  This "rule of unanimity" has now been codified in 28 U.S.C. § 1446(b)(2)(A).

A recognized exception to the rule of unanimity exists "where a non-joining defendant has not been served with process in the state action."  *Lopez v. BNSF Ry.*

*Co.*, 614 F.Supp.2d 1084, 1087 (E.D. Cal. 2007).  This exception has been carried

into § 1446(b)(2)(A), which states "all defendants who have been properly joined

and served must join in or consent to the removal of the action."

     As Whiting recognizes, however, for this exception to apply the removing

defendants must lack constructive notice of service on other defendants, and must

exercise "reasonable diligence" to determine whether other defendants have been

served.  (Doc. 10 at 4-5, citing *Lopez,* 614 F.Supp.2d at 1088-89.)

     Further, in instances "where fewer than all the defendants have joined in a

removal action, the removing party has the burden under [§] 1446(a) to explain

affirmatively the absence of any co-defendants in the notice for removal."  *Prize*

*Frize, Inc.*, 167 F.3d at 1266.

## III.   Discussion

     Although Chandler insists that he properly served Pioneer (Doc. 9 at 3-6),

the Court need not decide that issue.  As discussed below, Whiting's failure to

perform due diligence in determining whether Pioneer had been served, and its

failure to explain Pioneer's absence in its Notice, are each sufficient on their own

to render removal defective.

### A.   Due Diligence

     The Court will first address Whiting's argument that it discharged its

obligation of due diligence to inquire as to Pioneer's status.  In support of its

argument on this issue, Whiting points to the Richland County Case Register

Report dated December 5, 2016, which was transmitted and filed with this Court

upon removal, along with the remainder of the state court file.  (Doc. 6.)  Whiting

points out that the report does not indicate that service had been accomplished on

Pioneer "as of December 5, 2016."  (Doc. 10 at 5.)  Whiting maintains that this

establishes lack of proof service in the state court docket at the time of removal,

which would satisfy its due diligence obligation.  (Doc. 10 at 10-11.)  The Court

disagrees, and finds that Whiting did not sustain its burden to establish the

requisite due diligence to determine the status of service on Pioneer.

 Courts are split on the effort required to determine whether other defendants

have been served prior to filing a notice of removal.  Some courts have held that

the removing defendant's requisite due diligence involves more than just checking

the state court record to see whether proofs of service have been filed. *See, e.g,*

*Sasser v. Florida Pond Trucking, LLC*, 2016 WL 3774125, *6-7 (M.D. Ala. June

24, 2016) (surveying cases and concluding, "[u]pon review of the relevant case

law, the court is persuaded to conclude that ETC's requisite 'due diligence' in this

action consists of actions going beyond a mere check of state court records to see if

proofs or returns of service have been filed as to any co-defendants."); *Muhammed

v. Jones*, 2015 WL 7575021, *5-7 (N.D. Fla. Nov. 3, 2015); *Beltran v. Monterey

Co.*, 2009 WL 585880, *2-3 (N.D. Cal. Mar. 6, 2009) ("removing defendant must

exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient." *Beltran*, 2009 WL 585880 at \*2 (quoting *Orozco v. Equifirst Corp.*, 2008 WL 5412364, \*1 (C.D. Cal. Dec. 22, 2008)).

Other district courts, however, have concluded that a removing defendant exercises reasonable diligence merely by checking the docket for filed proofs of service before filing a notice of removal. *See*, e.g., *Lopez,* 614 F.Supp.2d at 1089.

Nevertheless, even in cases which find checking the state court docket to be sufficient, the defendant has made a stronger showing of due diligence than that presented here. In *Lopez*, for example, the removing defendant filed an affidavit to establish that it searched the state court's electronic case docket on the date the notice of removal was filed, and also contacted legal counsel for a co-defendant to determine whether it had been served prior to filing the notice. *Id*. at 1087.

Conversely, the only evidence before the Court here is the state court docket sheet. (Doc. 6 at 1.) But Whiting does not provide explanation of the effort it made, if any, to determine Pioneer's status prior to filing its Notice, including any indication that it actually checked the state court docket prior to filing the Notice. It is, therefore, unclear whether Whiting expended even that minimal effort. *See Orozco*, 2008 WL 5412364 at \*1 ("Removing defendant does not state what, if any, efforts it made to ascertain whether other defendants were served. . . .

6

Defendant's failure to affirmatively explain the absence of the other defendants constitutes a clear procedural defect.").  Given that the burden is on the removing party to show that removal was proper, Whiting has not made a sufficient showing here.

**B.    Explanation for Absence of Pioneer**

Moreover, remand would be appropriate even if Whiting had demonstrated it exercised sufficient due diligence.  As explained above, Ninth Circuit precedent required Whiting "to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize Frize*, 167 F.3d at 1266.  In *Prize Frize*, all of the defendants had not joined in the notice of removal, and the only explanation provided was the removing defendants "have been informed and believe that *many* of the defendants named in the fourth amended complaint caption have not been properly served in this matter."  *Id.* at 1266 (emphasis in original).  The Court found that since "the words 'many' and 'all' are not synonymous, the notice was facially deficient for failing to explain why *all* non-joining defendants had not consented."  *Id.* at 1266 (emphasis in original).

Whiting's notice of removal is similarly defective here.  Whiting referenced "Defendant Pioneer Drilling Services" in its Notice, so there can be no question that Whiting recognized Pioneer as a co-defendant at the time it removed the case. (Doc. 1 at ¶ 4.)  Whiting does not dispute that it failed to explain Pioneer's absence

7

in its Notice; rather, Whiting argues that it was not required to explain Pioneer's absence because Chandler already was on notice that Capitol, Pioneer's registered agent, had refused to accept service of process on Pioneer's behalf.  (Doc. 10 at 8.) The Court disagrees.

Whiting relies principally on *Mitchell v. Paws Up Ranch, LLC*, 597 F.Supp.2d 1132 (D. Mont. 2009).  In *Mitchell*, defendants removed the case to federal court ten days before the plaintiff accomplished service upon a co-defendant, Jeremy Kehrein ("Kehrein").  *Mitchell*, 597 F.Supp.2d at 1134.  The removing defendants did not address Kehrein's absence in their notice of removal. The plaintiff moved for remand, citing § 1446 and *Prize Frize*, and arguing that the removing defendants had failed to explain the absence of Kehrien in its notice of removal.  *Id*. at 1134-1135.

The Court denied the plaintiff's motion for remand.  The Court explained first that the rule of unanimity was inapplicable to *Mitchell* because it was undisputed that Kehrein had not been served at the time of removal, thereby placing *Mitchell* squarely within the well-established exception to the rule.  *Id*. at 1136.

The Court next went beyond the unserved-defendant exception to the rule, finding further that the removing defendant need not explain the reason for non-joinder where the co-defendant had not been served.  The Court explained that in

8

*Prize Frize*, application of the rule served the purpose of providing the plaintiff

notice regarding his obligations pertaining to service of process. *Mitchell*, 597

F.Supp.2d at 1137.  Merely indicating that some of the absent defendants might

challenge service of process was "insufficient to put the plaintiff on notice of who

was challenging what in terms of service of process." *Id.*  The Court found that the

same purpose is not furthered in a case where the plaintiff knows the co-defendant

has not been served.  The Court said:

> In light of the reason for the rule that removing defendants must explain
> affirmatively the absence of non-joining defendants – e.g., to provide
> the plaintiff notice of issues regarding effectiveness of service of
> process – this would impose on the removing defendants a merely
> perfunctory obligation where the plaintiff has not yet met its obligation
> to bring the named defendants into the action.

*Id*. at 1139.

Whiting argues that the same reasoning should apply in the instant case

because Chandler already was on notice that Capitol was refusing to accept service

on Pioneer's behalf.  Whiting therefore argues the reason for the rule – "e.g., to

provide the plaintiff notice of issues regarding effectiveness of service of process"

– was moot as Chandler already possessed such notice.

Though the Court agrees that Capitol's rejection of Chandler's service

attempt adds a level of complexity not present in *Prize Frize*, the Court finds

nevertheless that Capitol's rejection is not sufficient to put Chandler on notice of

Pioneer's position with respect to the effectiveness of that service.  Indeed, it is

unclear from Capitol's letter to Chandler whether Capitol has notified Pioneer of the lawsuit, whether Pioneer intends to enter an appearance in this case, or whether Pioneer intends to contest the sufficiency of service. Whether Pioneer is on notice of the lawsuit, and its own position on effectiveness of service, is precisely the sort of information that Whiting presumably would have included in its Notice had it accounted for Pioneer's absence. Accordingly, this situation is more akin to *Prize Frize*, where an issue was raised regarding effectiveness of service, than it is to *Mitchell*, where all parties agreed that the non-joining defendant had not been served at the time of removal. *See*, e.g, *Parking Concepts, Inc. v. RSUI Group, Inc.*, 2009 WL 2973118, *3 (C.D. Cal. Sept. 11, 2009) ("The instant notice of removal suffers from an even more glaring deficiency than did the notice of removal in *Prize Frize*. In *Prize Frize*, the removing defendants included some sort of explanation as to why they failed to obtain the consent of other defendants. Here, by contrast, there is no mention whatsoever of the rule of unanimity or [the removing defendant's] attempts to comply with it.").

Furthermore, Judge Molloy made clear in *Mitchell* that failure to explain the position of a non-joining co-defendant in situations where the co-defendant has been served renders the notice defective, stating:

> Further illustration stems from a supposition based on the same facts as in the last example [where certain defendants were not served], save one. Assume the plaintiff *had* served the individual defendants. Now, when the plaintiff challenged the notice of removal for failure to explain

> affirmatively the absence of all named defendants, the removing
> defendants cannot claim the plaintiff knew the individual defendant had
> not been served.  The notice is, under this scenario, defective.

*Mitchell*, 597 F.Supp.2d at 1138 (emphasis in original).

Again, there is no dispute that Chandler served Pioneer's registered agent with the Complaint.  Capitol's after-the-fact rejection of that service does not negate that service was attempted in the first instance.  To paraphrase Judge Molloy, Whiting "cannot claim [Chandler] knew [Pioneer] had not been served." On the contrary, Chandler knows service was made on Pioneer' registered agent, and maintains that service was properly accomplished.  What Chandler does not know – or at least what there is no evidence before the Court to demonstrate – is whether Pioneer is on notice of the lawsuit, and whether it agrees with its registered agent that service was defective.  Under this scenario, and remaining mindful of the fact that removal questions are strictly construed in favor of remand, the Court finds that Whiting's Notice is defective and recommends that the case be remanded to Montana state court.

## VI.    Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Chandler's Motion for Remand (Doc. 8) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the

parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 19th day of June, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge